IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.                                             **Crim. Action No. 1:22-CR-3**
                                                     **(JUDGE KLEEH)**

**JASON DENT,**

    **Defendant.**

## REPORT AND RECOMMENDATION RECOMMENDING
## *PRO SE* MOTIONS, ECF NOS. 98, 100, 103, BE DENIED

Pending before the undersigned Magistrate Judge are Movant Jason Dent's *pro se* emergency motion for temporary restraining order to stop his Bureau of Prisons transfer, ECF No. 98, and his *pro se* motions requesting the appointment of a special prosecutor to investigate alleged prosecutorial misconduct in his underlying case. ECF Nos. 100, 103. By Orders filed on January 20 and January 31, 2023, respectively, ECF Nos. 101, 104, United States District Judge Thomas S. Kleeh referred the motions to the undersigned to enter a report and recommendation as to the appropriate disposition of the motions.

The undersigned is also in receipt of the Movant's Exhibits in Support of Motion Requesting a Special Prosecutor, ECF No. 107, the Government's Response, ECF No. 108, a "Status Update" letter from Movant Dent, ECF No. 111, Movant's Reply, titled as "Defendant's *Pro Se* Motion to the Government's Opposition," ECF No. 113, and Movant's Affidavits, ECF Nos. 114, 115.

Based on a detailed review of the same, the undersigned **RECOMMENDS** Movant's *pro se* motions, ECF Nos. 98, 100, 103, be **DENIED** as set forth herein

## I. BACKGROUND

On June 8, 2022, a jury found Defendant Jason Dent not guilty on Count One, Assault of an Officer or Employee of the United States Resulting in Bodily Injury, ECF No. 90, and a Judgment of Acquittal was entered declaring that Jason Dent was acquitted, discharged, and any bond exonerated, ECF No. 91.

On November 7, 2022, Dent filed a *pro se* Emergency Motion for Temporary Restraining Order against the U.S. Attorney's Office for the Northern District of West Virginia, the Federal Bureau of Investigation, and the Federal Bureau of Prisons. ECF No. 98. In this Motion, Dent alleges that BOP SIS Technician Jason Barclay falsely testified regarding BOP reports, that Officers Parker and Kyer confiscated his legal documents, that U.S.P. Hazelton SIS Technicians Hart and Barclay intercepted and threw away his legal documents, that the BOP mismanaged his BP-9 reporting of the incidents, and that he was placed in the Special Management Unit as retaliation. *Id*. Dent concludes by requesting a "Temporary Restraining Order from this Court to stop my transfer to the Special Management Unit which is meant to neutralize me and to get me killed to coverup the not guilty verdict." ECF No. 98 at 4.

On January 20, 2023, Dent filed a Motion Requesting a Special Prosecutor "because the Department of Justice is protecting Jewish AUSA Christopher Bauer." ECF No. 100 at 1. In the Motion, Dent alleges that, despite *Brady* obligations, ECF No. 100-1, and a 2014 U.S.P. Hazelton Medical Report, ECF No. 100-2, during rebuttal redirect testimony, SIS Technician Jason Barclay testified that there were no reported or recorded incidents pertaining to Dent at Hazelton in 2014, ECF No. 100 at 1, and the medical report, ECF No. 100-2, was not given to the defense at trial.

2

Dent states that "[a] special prosecutor is warranted because numerous inmates was seriously assaulted by officers at U.S.P. Hazelton while Jewish Special Investigative Agent Rosenkranz helped cover up the assaults. The U.S. Attorney Office knows that officers are beating inmates and throwing away mail." ECF No. 100 at 2.

On January 30, 2023, Dent again filed a Motion Requesting a Special Prosecutor, ECF No. 103, wherein he submits and provides explanation for several exhibits in support of his argument. ECF No. 103. The exhibits include: a December 8, 2014 Medical Report, ECF No. 103-1, which Dent alleges was intentionally withheld by the Government; BOP Form 583 Report of Incident, ECF No. 103-2; B. Scott Memorandum RE: Application of Restraints, ECF No. 103-3; Letter from Congresswoman Eleanor Holmes Norton, ECF No. 103-4; Documents Showing BOP Inmate Movements, ECF Nos. 103-5, 103-6, 103-7; BOP Health Services Clinical Encounter, ECF No. 103-8; Letter to Kathleen Sawyer from Dent, ECF No. 103-9; and Letter to Joseph Biden from Dent; ECF No. 103-10.

All three *pro se* motions filed by Dent were referred by the Honorable Thomas S. Kleeh, Chief District Judge for the U.S. District Court for the Northern District of West Virginia, to the undersigned U.S. Magistrate Judge, by Orders entered on January 20 and 31, 2023, ECF Nos. 101 and 104, respectively, for a report and recommendation as to the appropriate disposition of the motion. The Court subsequently directed the Government to file a response addressing both the *pro se* motions requesting special prosecutor and the *pro se* motion for temporary restraining order on or before February 10, 2023. ECF Nos. 98, 106.

On February 6, 2023, Jason Dent filed more exhibits in support of his motions requesting a special prosecutor. ECF No. 107. Specifically, he filed a May 7, 2021 BOP Response to Congresswoman Eleanor Holmes Norton, an August 5, 2021 BOP Response to Congresswoman

Eleanor Holmes Norton, a February 10, 2021 BOP Response Congresswoman Eleanor Holmes Norton, and an April 4, 2019 BOP Response to Congressman Robert Scott. *See* ECF No. 107, 107-1, and 107-2.

On February 8, 2023, the Government, by Assistant United States Attorney Maximillian Nogay, filed its Response in Opposition to Defendant's *Pro Se* Motion for Temporary Restraining Order and *Pro Se* Motions Requesting a Special Prosecutor. ECF No. 108. In the Response, the Government first argues that this Court is without jurisdiction to consider the merits of Defendant's *pro se* motion for temporary restraining order. ECF No. 108 at 2. The Government next argues that this Court lacks authority to appoint a special prosecutor as requested. ECF No. 108 at 3. Thirdly, the Government argues that Defendant Jason Dent should be prohibited from filing addition *pro se* motions in this Court because he is a "harassing and vexatious litigant and, as such, sanctions are warrant." ECF No. 108 at 3. The Government asserts, "The pending *pro se* motions are without legal or factual merit and include antisemitic comments." *Id*. The Government specifically requests that this Court declare Defendant a harassing and vexatious litigant pursuant to 28 U.S.C. § 1915A and prohibit additional filings unless the motion is accompanied by an affidavit by a licensed attorney in good standing, attesting that they have reviewed such pleadings and the factual allegations therein provide a good-faith basis for venue in this Court. ECF No. 108 at 4.

On March 3, 2023, Dent filed a Status Update, stating that between February 13-15, 2023, no inmate was given mail at U.S.P. Thompson and that he has not received anything from the government or the Court despite the Court's directive that the Government respond on or before February 10, 2023. ECF No. 111. Dent further provides in the Status Update allegations that he has not yet received a Response from U.S.P. Thompson Warden Bergami as directed by the U.S.

District Court for the Northern District of Illinois, ECF No. 111 at 1, and that conditions at U.S.P. Terre Haute, where he was moved on February 15, 2023, are intentionally and deliberately poor so "they can justify using force on inmates[.]" ECF No. 111 at 2.

On March 6, 2023, Dent filed a *pro se* Response in Opposition, ECF No. 113, wherein he argues that in *U.S. v. Stevens*, 593 F. Supp. 2d 177 (D.D.C. 2009), the U.S. District Court for the District of Columbia appointed a special prosecutor where there was discovery misconduct by government officials, and this case is "similar" and thus, justifies such an appointment, because "the government withheld a critical piece of evidence[,]" the 2014 Medical Report, "which allowed SIS Technician Jason Barclay to commit[ ] perjury." ECF No. 113 at 1. Dent further asserts, in Response, "I filed numerous administrative remedies while at U.S.P. Hazelton and Thomason – all the remedies was thrown away." ECF No. 113 at 2.

On March 30, 2023, the Court received two "affidavits" from Dent for filing. ECF Nos. 114, 115. In the first affidavit, Dent states (1) the FBI Civil Rights Unit acknowledged that "You also claim you have concerns for your safety because you have filed complaints against officers for allegedly beating inmates," ECF No. 114 at 1 (citing 114-4); (2) two months later, Dent was "seriously assaulted by BOP Officers at FCI #2 Victorvile" [sic], *Id.*; (3) that Dent "was transferred to U.S.P. Hazelton on purpose because of" his 2022 FOIA request and the results therefrom, as well as his requests to the Department of Justice and the U.S. District Court for the Middle District of Florida, *Id*. (citing 114-1, 114-2, and 114-3). In the second affidavit, Dent provides, "[o]n June 21, 2022, I gave U.S.P. Hazelton SHU Officer Marshal certify [sic] mail for mailing addressed to" U.S. Attorney William Ihlenfeld, Clerk of Court Cheryl D. Riley, and U.S. District Judge Thomas S. Kleeh, and on "August 9, 2022, I gave U.S.P. Hazelton SHU Officer Marshall certify [sic] mail

5

for mailing addressed to" U.S. District Judge Thomas S. Kleeh, U.S. President Joseph R. Biden, BOP Director Colette Peters, and Regional Director Petrucci. ECF No. 115.

## II. LEGAL ANALYSIS

I. **Without a formal complaint filed, and because USP Thomson is in the Northern District of Illinois, this Court lacks jurisdiction to provide the requested relief.**

Jurisdictional issues must be resolved prior to considering the substance of any claim. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998). This is true even when no party expressly raises the issue of jurisdiction. *See generally* Fed. R. Civ. P. 12(h)(3) (a district court "must dismiss a claim if, at any time, it appears that the court lacks jurisdiction over the subject matter of the claim."); *Duffield v. Memorial Hosp. Ass'n*, 361 F. Supp. 398 (S.D. W. Va. 1973), *aff'd sub. nom. Duffield v. Charleston Area Medical Ctr.*, 503 F.2d 512 (4th Cir. 1974); *see also Bolin v. Chavez*, 210 F.3d 389 (10th Cir. 2000)(permitting *sua sponte* dismissal for lack of subject matter jurisdiction under Rule 12(h)(3) of the Federal Rules of Civil Procedure).

Generally, "where a plaintiff seeks relief from the court without filing a complaint, the court . . . lacks jurisdiction to provide the requested relief." *Noble Energy, Inc. v. Griffith*, No. 5:13-CV-101, 2013 WL 12321551, at *1 (N.D.W. Va. Sept. 9, 2013) (quoting *Liberty Mut. Group, Inc. v. Wright*, 2012 WL 718857 (D. Md. March 5, 2012)). *See also* Fed. R. Civ. P. 3; *Powell v. Rios*, 241 F. App'x 500, 505 n.4 (10th Cir. 2007) ("Absent a properly-filed complaint, a court lacks power to issue preliminary injunctive relief."); and *Adair v. England*, 193 F. Supp. 2d 196, 200 (D.D.C. 2002) ("When no complaint is filed, the court lacks jurisdiction to entertain the plaintiff's petition for injunctive relief.").

As an initial matter, the undersigned would note that Mr. Jason Dent did not file a complaint to commence this action, but rather mailed his emergency motion for temporary restraining order

and motions for the appointment of a special prosecutor for filing in his underlying criminal case number in this district. Like other cases filed by Dent, Dent provides no jurisdictional statement invoking this Court's jurisdiction nor does he explain how he believes this Court can grant injunctive relief against nonresident prison officials. *See, e.g., Dent v. Barr, et al.*, 6:19-CV-142 (E.D. Ky. June 17, 2019) (dismissing for failure to invoke jurisdiction by filing a formal complaint and lack of jurisdiction). Accordingly, the undersigned **RECOMMENDS** that Dent's Motion, ECF No. 98, be denied for lack of jurisdiction.

Moreover, even if he did file a formal complaint, this Court lacks personal jurisdiction over the USP Thomson officials and cannot stop "transfer to the Special Management Unit" as requested by Dent because the correctional institution and individuals working therein are seemingly unrelated to our forum and are in the Northern District of Illinois. It is the undersigned's understanding that Dent may now be located at USP Florence, located in the Fremont County, Colorado, and the same analysis applies. Dent remains in the custody of the Bureau of Prison with a projected release date of June 28, 2039.

Actions occurring solely within correctional facilities in the Northern District of Illinois and the District of Colorado with no contacts with the State of West Virginia are outside this Court's jurisdiction. *See also Abdel-Fares v. Wendt*, No. 1:05-CV-128, 2006 U.S. Dist. LEXIS 46780, at *4 n.1 (N. D. W. Va. July 11, 2006)(Keeley, J.). If Dent desires to bring a cause of action based upon perceived or alleged deprivation of rights in this jurisdiction, pursuant to 42 U.S. Code § 1983 or any other statute or common law claim, he must do so as provided the Federal Rules of Civil Procedure, accompanied by either a filing fee or motion to proceed *in forma pauperis*. Simply sending missives in a post-acquittal case is insufficient to commence a legal action.

To the extent that Dent challenges the conditions of his confinement within the Bureau of Prisons, in either Illinois or Colorado, and now seeks a temporary restraining order, the undersigned further **RECOMMENDS** that Dent's Motion, ECF No. 98, be denied for lack of jurisdiction.

### II.     The Court is without authority to appoint a special prosecutor as requested.

This Court surely has original jurisdiction under 18 U.S. Code § 3231 to hear all criminal cases involving offenses against the laws of the United States. However, the power to prosecute, as well as the power to appoint a special prosecutor lies with the Department of Justice and the U.S. Attorney General, not the U.S. Courts and the undersigned U.S. Magistrate Judge. *See* 18 U.S. Code § 1034; 28 C. F. R. § 600.1 ("The Attorney General, or in cases in which the Attorney General is recused, the Acting Attorney General, will appoint a Special Counsel when he or she determines that criminal investigation of a person or matter is warranted.").

Under very limited circumstances, a court may reverse a conviction or dismiss an indictment for prosecutorial misconduct pursuant to its supervisory power. *United States v. Hasting*, 461 U.S. 499, 505 (1983) ("[G]uided by considerations of justice," and in the exercise of its supervisory power, a federal court may, within limits, "formulate procedural rules not specifically required by the Constitution or the Congress.").

Here, however, Mr. Dent was acquitted in this matter, after a jury trial on the same. Dent alleges no lasting injuries nor a prejudicial outcome in this criminal case based upon the alleged misconduct. Even if Mr. Dent's allegations about the Assistant U.S. Attorney Bauer and the SIS Technician were true, this court "has no authority to dismiss the indictment on the basis of prosecutorial misconduct absent a finding that [the defendant was] prejudiced by such misconduct." *Bank of Nova Scotia v. United States*, 487 U.S. 250, 263 (1988); *United States v.*

*Derrick*, 163 F.3d 799, 807 (4th Cir. 1998) (*Nova Scotia* applies at the pretrial and trial stages of a prosecution).

Because this Court is without independent authority to prosecute or to appoint a special prosecute, and because there are no allegations of prejudice to the Defendant's case caused by the alleged misconduct, the undersigned **RECOMMENDS** that Dent's Motions for a Special Prosecutor, ECF Nos. 100, 103, also be **DENIED**.

### III. Jason Dent is a harassing, vexatious litigant, and the issuance of a prefiling injunction would be appropriate.

In its Response, the Government requests that this Court declare Defendant Dent a harassing, vexatious litigant. The Government specifically requests the issuance of a prefiling injunction as a sanction, such that all future filings by Dent must be accompanied by an affidavit of an attorney in good standing, attesting that they have reviewed such pleadings and the factual allegations therein provide a good-faith basis for venue in this Court. ECF No. 108 at 4.

The All Writs Act "grants federal courts the authority to limit access to the courts by vexatious and repetitive litigants[.]" *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004) (citing 28 U.S.C. § 1651(a) (2000)). In "deciding whether to issue a prefiling injunction" as a sanction, "a district court should consider" (1) a Plaintiff's "history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits"; (2) whether Plaintiff "had a good faith basis for pursuing the litigation, or simply intended to harass"; (3) "the extent of the burden on the courts and other parties resulting from the [Plaintiff's] filings"; and (4) "the adequacy of alternative sanctions." *Thomas v. Fulton*, 260 F. App'x 594, 596 (4th Cir. 2008).

Defendant Jason Dent is a prolific *pro se* filer,[1] with civil actions spanning from 2002 to the present day, from Florida's sunny shores[2] to the California coast.[3] Numerous courts, including the U.S. Courts of Appeals for the Second, Sixth, and Eleventh Circuits as well as the U.S. Court of Appeals for the District of Columbia, have found Dent's filings to be frivolous.[4] Some courts

---

[1] *See generally Dent v. Rauer, et al.*, 1:02-CV-3210 (E.D.N.Y. Oct. 3, 2002) (dismissal for failure to prosecute); *Dent v. Bolyde*, 1:02-CV-3209 (E.D.N.Y. Sept. 24, 2003) (false arrest and excessive force claims time-barred); *Dent v. City of New York*, 1:02-CV-3211 (E.D.N.Y. July 24, 2003) (dismissing malicious prosecution and all other claims); *Dent v. Rauer et al.*, 1:02-CR-3209 (E.D.N.Y. Oct. 7, 2003) (dismissal for failure to prosecute); *Dent v. Salgado et al*, 1:02-CV-6501 (E.D.N.Y. September 16, 2004) (dismissing malicious prosecution, false arrest, and false imprisonment claims); *Dent v. City of New York et al*, 1:09-CV-2510 (E.D.N.Y. August 17, 2009) (dismissal under 28 U.S.C. § 1915A(b)), *aff'd*, 09-3736-PR, (2d. Cir. Dec. 18, 2009); *Dent v. Drew et al.*, 5:12-CV-87 (M.D. Fl. May 18, 2012) (dismissing for failure to prosecute); *Dent v. Executive Office for United States Attorneys, et al.*, 1:12-CV-420 (D. D.C. Nov. 8, 2013) (dismissing for failure to pay filing fee or request extension of time); *Dent v. Warden, FCC Coleman-USP II*, 5:12-CV-508 (M.D. Fl. November 12, 2013) (finding no jurisdiction and no merit); *Dent v. Ormond et al*, 6:17-CV-140 (E.D. Ky. June 8, 2017) (dismissing for failure to file a formal complaint, lack of jurisdiction, and failure to state a claim upon which relief may be granted); *Dent v. Lara et al.*, 1:17-CV-228 (E.D. Tx. July 19, 2017) (dismissing for failure to state a claim); *Dent v. Lara et al.*, 1:17-CV-243 (E.D. Ky. Dec. 4, 2017) (dismissing for failure to state a claim); *Dent v. Jones*, 1:17-CV-455 (E.D. Tx. Jan. 11, 2018) (dismissal for failure to prosecute); *Dent v. Dallas B. Jones, et al.*, 1:18-CV-42 (E.D. Tx. June 1, 2018) (dismissing for failure to prosecute); *Dent v. Barr, et al.*, 1:19-CV-2445 (E.D. Pa. June 19, 2019) (dismissing *sua sponte* under § 1915(A) "because it does not allege a case or controversy under Article III of the Constitution."); *Dent v. Barr, et al.*, 8:19-CV-1678 (D. Md. March 16, 2020) (dismissal for failure to state a claim and improper venue); *Dent v. Barr, et al.*, 6:19-CV-142 (E.D. Ky. June 17, 2019) (dismissing for failure to invoke jurisdiction by filing a formal complaint and lack of jurisdiction); *Dent v. Barr, et al.*, 1:19-CV-1082 (M.D. Pa. Aug. 6, 2019) (dismissal for failure to prosecute); *Dent v. Barr, et al.*, 1:20-CV-299 (M.D. Pa. March 24, 2020) (dismissing for failure to state a claim under § 1915A(b)(1)); *Dent v. Hudgins*, 3:21-CV-170 ( N.D. W.Va. Nov. 30, 2021) (Groh, J.) (dismissal for insufficient writ of habeas corpus filing); *Dent v. Hudgins*, 3:21-CV-174 (N.D. W.Va. July 28, 2022) (Groh, J.) (dismissal for failure to prosecute); and *Dent v. Gilley*, 3:22-CV-95 (N.D. W.Va. June 9, 2022) (Groh, J.) (dismissing for deficient pleading).
[2] *See, e.g.*, *Dent v. Barr, et al.*, 5:19-CV-285 (M.D. Fl. June 19, 2019) (dismissing Dent's filings as procedural deficient and duplicative of his same filings in Kentucky, Texas, Georgia, Pennsylvania, and Maryland).
[3] *See, e.g., Dent v. Rosenstein, et al.*, 2:19-CV-145 (C.D. C.A. Jan. 11, 2019) (dismissing case for lack of formal complaint and lack of jurisdiction); *Dent v. Post Master General*, 2:19-CV-674 (C.D. C.A. Feb. 5, 2019) (dismissing case for lack of formal complaint and lack of jurisdiction); *Dent v. Office of Information Policy*, 2:19-CV-675 (C.D. C.A. Feb. 5, 2019) (dismissing case for lack of formal complaint and lack of jurisdiction); *Dent v. Rosenstein, et al.*, 2:19-CV-676 (C.D. C.A. Feb. 5, 2019) (dismissing case for lack of formal complaint and lack of jurisdiction); *Dent v. Michael Horowitz, et al.*, 2:19-CV-2115 (C.D. C.A. April 30, 2019) (failure to prosecute); and *Dent v. Barr, et al.*, 2:19-CV-5176 (C. D. CA. Aug. 6, 2019) (dismissing for failure to prosecute).
[4] *See Dent v. City of New York et al*, 1:09-CV-2510 (E.D.N.Y. August 17, 2009) (dismissal under 28 U.S.C. § 1915A(b)), *aff'd*, 09-3736-PR, (2d. Cir. Dec. 18, 2009); *Dent v. Ormond et al.*, 17-6321 (6th Cir. June 21, 2018) ("Dent used his motion for reconsideration to reassert the same claims and facts included in his complaint . . . Accordingly, the district court did not abuse its discretion when it denied the motion for reconsideration."); *Dent v. Tipton et al.*, No. 17-14674 (11 Cir. March 12, 2018) ("This Court now finds that the appeal is frivolous, DENIED leave to proceed, and DISMISSES the appeal."); *In Re: Jason Dent*, No. 21-5225 (D.C. Nov. 12, 2021) (Dent previously filed three or more frivolous civil actions, failed to demonstrate nexus between allegations of "imminent danger" and claims for relief, and failed to pay filing fee for appeal); *Dent v. Department of Justice*, et al., 1:19-CV-2153, (D.D.C. Aug. 1, 2019) (dismissing pursuant to § 1915), *aff'd*, 19-5221 (D.C. Nov. 13, 2019) ("Appellant does not dispute that he has, while incarcerated, filed at least three civil actions or appeals that were dismissed on the ground

have revoked Dent's ability to proceed *in forma pauperis* without showing "imminent danger of serious physical injury" because Dent has on three (3) or more prior occasions, brought actions or appeals that are frivolous, malicious, or fail to state claim upon which relief may be granted.[5]

In the instant case, Dent's "history of litigation," *Thomas*, 260 F. App'x at 596 (4th Cir. 2008), is extensive. His litigation tactics often include duplicate filings, as with the suits against Bergami, Barr, and Lara in multiple districts,[6] as well as harassment tactics, such as in the present case, using anti-semitic language to refer to Assistant United States Attorney Christopher Bauer.[7] While Dent has "had a good faith basis for pursuing the litigation" in the past, it appears recent filings are "simply intended to harass[.]" *Id*. Additionally, his widespread, duplicative *Barr* filings

---

that they were frivolous, malicious, or failed to state a claim."); *Dent v. United States*, 1:13-CV-5937 (E.D.N.Y. November 16, 2013) ("[I]nstant petition is denied. . . . Petitioner is cautioned that if he continues to make frivolous filings, the Court will enter an Order barring him from any further filings without prior court approval."); *Dent v. United States*, 1:13-CV-5937 (E.D.N.Y. November 18, 2013) ("Petitioner is given notice that if there is one more frivolous filing, the Clerk will be directed to stop accepting them."); *Dent v. United States*, 1:13-CV-5936 (E.D.N.Y. November 21, 2013) ("[P]etitioner mischaracterized his petition as seeking a writ of error *coram nobis*, but is actually his fourth petition challenging his December 8, 2003 conviction. Because the Second Circuit has already denied petitioner's motion for leave to file a second or successive habeas corpus proceeding, the instant petition is denied.").
[5] *See Dent v. Barr, et al.*, 1:19-CV-2189 (D.D.C. August 13, 2019) (dismissal for failure to demonstrate "imminent danger" under § 1915(g)), *aff'd*, 19-5234 (D.C. March 3, 2020) ("Appellant does not dispute that he has, while incarcerated, filed at least three civil actions or appeals that were dismissed on the ground that they were frivolous, malicious, or failed to state a claim."); *Dent v. Department of Justice*, et al., 1:19-CV-2153, (D.D.C. Aug. 1, 2019) (dismissing pursuant to § 1915(g)), *aff'd*, 19-5221 (D.C. Nov. 13, 2019); *Dent v. Barr, et al.*, 1:19-CV-2189 (D.D.C. August 13, 2019) (dismissal for failure to demonstrate "imminent danger" under § 1915(g)), *aff'd*, 19-5234 (D.C. March 3, 2020);; *Dent v. U.S. Department of Justice et al.*, 1:17-CR-2838 (D. D.C. February 12, 2018) (finding Plaintiff to be a "so-called three striker under 28 U.S.C. § 1915(g), finding no "imminent danger" and dismissing); *Dent v. Sessions et al.*, 1:18-CV-531 (D.D.C. Mar. 20, 2018) (finding Dent to be "three striker" under 28 U.S.C. § 1915(g), finding no "imminent danger," and dismissing); *Dent v. Post Master General*, 1:19-CV-41 (E.D. Tx. April 29, 2019) (denying IFP pursuant to 28 U.S.C. § 1915(g)); and *Dent v. Inch, et al.*, 1:18-CV-470 (E.D. Tx. February 4, 2019) (dismissing pursuant to 28 U.S.C. § 1915(g) as Plaintiff makes no allegations of imminent danger); and *Dent v. Barr, et al.*, 1:19-CV-2637 (N. D. Ga. July 16, 2019) (recording Dent's history as frivolous filer and dismissing as not alleging "imminent danger" pursuant to § 1915(g)).
[6] *See generally Dent v. Barr, et al*., 5:19-CV-285 (M.D. Fl. June 19, 2019) (dismissing Dent's filings as procedural deficient and duplicative of his same filings in Kentucky, Texas, Georgia, Pennsylvania, and Maryland). *Compare Dent v. Barr*, et al., 1:19-CV-2445 (E.D. Pa. June 19, 2019); *Dent v. Barr, et al.*, 8:19-CV-1678 (D. Md. March 16, 2020); *Dent v. Barr, et al.*, 6:19-CV-142 (E.D. Ky. June 17, 2019); *Dent v. Barr*, et al., 1:19-CV-1082 (M.D. Pa. Aug. 6, 2019) (dismissal for failure to prosecute); *Dent v. Barr, et al.*, 1:20-CV-299 (M.D. Pa. March 24, 2020); *Dent v. Barr, et al.*, 5:19-CV-285 (M.D. Fl. June 19, 2019); and Dent v. Barr, et al., 1:19-CV-2637 (N. D. Ga. July 16, 2019) (recording Dent's history as frivolous filer and dismissing as not alleging "imminent danger" pursuant to § 1915(g)).
[7] *See* Defendant's Motion, ECF No. 100 at 1.

11

demonstrate that he alone can pose a serious burden to the federal courts.[8] Again, multiple courts treat him as a vexatious litigant under § 1915(g), and this prefiling sanction has had little to no effect in his litigation practice.

Accordingly, in an effort to save this Court's resources, upon motion from the Government, ECF No. 108, the undersigned further **RECOMMENDS** that Defendant Jason Dent be deemed a harassing, vexatious litigant and issue a prefiling injunction as a sanction, such that all future filings by Dent must either: (1) meet the standard for pleading "imminent danger" pursuant to 28 U.S.C. § 1915(g); or (2) must be accompanied by an affidavit of an attorney in good standing, attesting that they have reviewed such pleadings and the factual allegations therein provide a good-faith basis for venue in this Court.

### IV. CONCLUSION

Thus, for the reasons set forth herein, the undersigned **RECOMMENDS** that Defendant's *pro se* motions, ECF Nos. 98, 100, 103, be **DENIED**. The undersigned further RECOMMENDS the issuance of a prefiling sanction against Defendant Jason Dent, such that all future filings in this Court must either: (1) meet the standard for pleading "imminent danger" pursuant to 28 U.S.C. § 1915(g); or (2) must be accompanied by an affidavit of an attorney in good standing, attesting that they have reviewed such pleadings and the factual allegations therein provide a good-faith basis for venue in this Court.

Any party shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and**

---

[8] *See supra* n. 6.

the basis of such objection.  A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of Court is **DIRECTED** to transmit copies of this Report and Recommendation to Jason Dent, by certified mail, and to counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Respectfully submitted April 4, 2023.

_____
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE