```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

  v.                                 CRIMINAL NO. 1:22CR3
                                          (KLEEH)

**JASON DENT,**

      **Defendant.**

**MEMORANDUM OPINION AND ORDER ADOPTING-IN-PART AND REJECTING-IN-PART THE REPORT AND RECOMMENDATION [ECF NO. 116] AND DENYING PRO SE MOTIONS [ECF NOS. 98, 100, 103, 121, 122]**

Pending before the Court are several pro se motions filed by the defendant, Jason Dent ("Dent"), and a Report and Recommendation, recommending that the Court deny three of Dent's pending motions. For the reasons that follow, the Court **ADOPTS-IN-PART** and **REJECTS-IN-PART** the R&R [ECF No. 116] and **DENIES** Dent's pro se motions [ECF Nos. 98, 100, 103, 121, 122].

## I. Background

On January 4, 2022, a grand jury charged Dent with Assault of a Correctional Officer Resulting in Bodily Injury, in violation of 18 U.S.C. §§ 111(a)(1) and 111(b) [ECF No. 1]. Dent proceeded to trial and a jury found him not guilty on June 8, 2022 [ECF No. 90]. The Court entered a Judgment of Acquittal [ECF No. 91].

Thereafter, in November 2022, Dent filed an emergency motion for temporary restraining order, asking the Court to prevent BOP

**MEMORANDUM OPINION AND ORDER ADOPTING-IN-PART AND REJECTING-IN-PART THE REPORT AND RECOMMENDATION [ECF NO. 116] AND DENYING  PRO SE MOTIONS [ECF NOS. 98, 100, 103, 121, 122]**

officials at USP Thomson from placing him in the Special Management Unit [ECF No. 98].  In January 2023, Dent requested the Court appoint a special prosecutor to investigate (1) the Government's violation of its Brady obligations in his underlying criminal case and (2) a special agent's efforts to cover up assaults occurring at USP Hazelton [ECF Nos. 100, 103].  The Government opposed Dent's motions, arguing that the Court lacks authority to provide the relief he seeks [ECF No. 108].  It also asked the Court to declare Dent to be a harassing and vexatious litigant and to impose an appropriate sanction based on antisemitic comments in his pending motions.  Id.

   Pursuant to the local rules, the Court referred Dent's motions to the Honorable Michael J. Aloi, United States Magistrate Judge, for initial review [ECF Nos. 101, 104].  On April 4, 2023, Magistrate Judge Aloi filed a Report and Recommendation ("R&R") recommending Dent's motions be denied [ECF No. 116].  The R&R first determined that the Court lacks jurisdiction to issue a temporary restraining order against BOP officials at USP Thomson because Dent did not file a formal complaint and because USP Thomson is not located within this district, but rather within the Northern District of Illinois.  Id. at 6-8.  It also determined that the Court lacks authority to appoint a special prosecutor as such power

Case 1:22-cr-00003-TSK-MJA   Document 124   Filed 06/28/23   Page 3 of 9   PageID #: 496

**USA V. DENT** 1:22CR3

**MEMORANDUM OPINION AND ORDER ADOPTING-IN-PART AND REJECTING-IN-PART THE REPORT AND RECOMMENDATION [ECF NO. 16] AND DENYING PRO SE MOTIONS [ECF NOS. 98, 100, 103, 121, 122]**

belongs to the United States Department of Justice. Id. at 8-9. Additionally, the R&R found Dent to be a harassing, vexatious litigant based on his comments in his pending motions and his litigation history before other courts. Id. at 9-12. As such, it recommended that the Court issue a prefiling injunction requiring that all future filings by Dent must either "(1) meet the standard for pleading 'imminent danger' pursuant to 28 U.S.C. § 1915(g); or (2) . . . be accompanied by an affidavit of an attorney in good standing, attesting that they have reviewed such pleading and the factual allegations therein provide a good faith basis for venue in this Court." Id.

Dent objected to the R&R on May 22, 2023, asserting only that a prefiling injunction would not be appropriate in this case [ECF No. 120]. He asserts the recommendation is in retaliation for his filing of a judicial complaint against this Court and for his use "so-called" antisemitic language. Id.

On May 22, 2023, the Court received three additional pro se motions from Dent. In his first motion, Dent asks to withdraw his motion for temporary restraining order and motions for special prosecutor for the reasons stated in the R&R[1] [ECF No. 121]. In

---

[1] Dent also asserts that his motion for temporary restraining order is moot because he has been moved out of the Special Management Unit at USP Thomson.

Case 1:22-cr-00003-TSK-MJA   Document 124   Filed 06/28/23   Page 4 of 9   PageID #: 497

USA V. DENT                                                          1:22CR3

**MEMORANDUM OPINION AND ORDER ADOPTING-IN-PART AND REJECTING-IN-PART THE REPORT AND RECOMMENDATION [ECF NO. 16] AND DENYING PRO SE MOTIONS [ECF NOS. 98, 100, 103, 121, 122]**

his second motion, he asserts that Magistrate Judge Aloi should recuse himself based on certain findings in the R&R and that this Court should recuse itself because Dent has filed a judicial complaint against it based on its pretrial rulings in the underlying criminal case [ECF No. 122].

## II.  Analysis

A.  The Report and Recommendation

When reviewing a magistrate judge's R&R made pursuant to 28 U.S.C. § 636, the Court must review de novo only the portion of the R&R to which an objection is timely made.  28 U.S.C. § 636(b)(1)(C).  On the other hand, "the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object." Dellacirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)).  Courts will uphold those portions of a recommendation as to which no objection has been made unless they are "clearly erroneous." See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Upon careful review, and finding no clear error, the Court **ADOPTS** the portions of the R&R to which Dent does not object and, accordingly, **DENIES** his emergency motion for a temporary

**MEMORANDUM OPINION AND ORDER ADOPTING-IN-PART AND REJECTING-IN-PART THE REPORT AND RECOMMENDATION [ECF NO. 16] AND DENYING PRO SE MOTIONS [ECF NOS. 98, 100, 103, 121, 122]**

restraining order [ECF No. 98] and his motions to appoint a special prosecutor [ECF Nos. 100, 103].

The Court, however, reviews de novo Dent's single objection [ECF No. 120]. In the R&R, Magistrate Judge Aloi agreed with the Government's position that "pending pro se motions are without legal or factual merit and include antisemitic comments" and summarized Dent's extensive litigation history before federal courts across the country [ECF No. 108 at 3]. Based on these factors, it declared Dent to be a harassing, vexatious litigant and found the issuance of a prefiling injunction to be appropriate sanction [ECF No. 116 at 9-10]. Dent objects that he should not be deemed a harassing, vexatious litigant or be sanctioned [ECF No. 120]. The Court **SUSTAINS** his objection.

The All Writs Act, 28 U.S.C. § 1651(a) (2000), grants federal courts the authority to limit access to the courts by vexatious and repetitive litigants. Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817 (4th Cir. 2004). "Such a drastic remedy must be used sparingly, however, consistent with constitutional guarantees of due process of law and access to the courts." Id. (citing U.S. Const. amend. XIV, § 1). The Court should not limit a litigant's access absent exigent circumstances and "use of such measures against a pro se plaintiff should be approached with particular

Case 1:22-cr-00003-TSK-MJA   Document 124   Filed 06/28/23   Page 6 of 9   PageID #: 499

USA V. DENT                                                      1:22CR3

**MEMORANDUM OPINION AND ORDER ADOPTING-IN-PART AND REJECTING-IN-PART THE REPORT AND RECOMMENDATION [ECF NO. 16] AND DENYING PRO SE MOTIONS [ECF NOS. 98, 100, 103, 121, 122]**

caution." Id. at 817-18.  Accordingly,

> [i]n determining whether a prefiling injunction is substantively warranted, a court must weigh all the relevant circumstances, including (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

Id.

Upon consideration of these factors, the Court finds the issuing of a prefiling injunction premature.  To be sure, as thorough explained in the R&R, Dent is a prolific and duplicative filer in federal courts across the county.  His activity before this Court, however, has not been so imposing.  Dent's filings consist of less than ten pro se motions related to his underlying criminal case.  This behavior has not imposed an undue burden on the Court or the Government and can, at this time, be address by alternative sanctions.

The Court therefore **REJECTS** the R&R's recommendation that it declare Dent a harassing and vexatious litigant and impose a prefiling injunction.  But it reminds Dent that antisemitic comments are inappropriate and will not be tolerated and warns him that duplicitous, vexatious, or harassing filings will result in an order limiting his ability to file.  The Court next turns to

Case 1:22-cr-00003-TSK-MJA   Document 124   Filed 06/28/23   Page 7 of 9   PageID #: 500

USA V. DENT                                                          1:22CR3

**MEMORANDUM OPINION AND ORDER ADOPTING-IN-PART AND REJECTING-IN-PART THE REPORT AND RECOMMENDATION [ECF NO. 16] AND DENYING PRO SE MOTIONS [ECF NOS. 98, 100, 103, 121, 122]**

address Dent's three motions filed after the R&R was entered.

**B.   Motion to Withdraw**

First, Dent requests leave to withdraw his motion for temporary restraining order and his motions for special prosecutor, accepting the R&R's conclusion that the Court lacks jurisdiction to address these motions [ECF No. 121]. It seems that Dent makes this request in an attempt to moot the R&R's recommendation that the Court impose a prefiling injunction. Based on its rulings above, the Court **DENIES** Dent's motion to withdraw.

**C.   Motion for Recusal**

Dent next asserts that this Court and Magistrate Judge Aloi should recuse themselves pursuant to 28 U.S.C. § 455(a) and 28 U.S.C. § 144 [ECF No. 122]. This motion is also denied.

Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify [themself] in any proceeding in which his impartiality might reasonably be questioned." Likewise, pursuant to 28 U.S.C. § 144, a litigant may seek the recusal of a judge by filing "a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice." When analyzing whether recusal is appropriate, "the proper test to be applied is whether another with knowledge of all of the circumstances might reasonably

**MEMORANDUM OPINION AND ORDER ADOPTING-IN-PART AND REJECTING-IN-PART THE REPORT AND RECOMMENDATION [ECF NO. 16] AND DENYING PRO SE MOTIONS [ECF NOS. 98, 100, 103, 121, 122]**

question the judge's impartiality." United States v. Lentz, 524 F.3d 501, 530 (4th Cir. 2008) (quoting United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003)). Critically, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," Liteky v. United States, 510 U.S. 540, 555 (1994), and a judge need not recuse themself based on "unsupported, irrational or highly tenuous speculation." Cherry, 330 F.3d at 665.

Here, not only has Dent failed to file the affidavit required when seeking the recusal of a purportedly biased judge, 28 U.S.C. § 144, but the allegations in his motion demonstrate that his request is wholly without merit. Dent challenges the judges assigned to this case based on their judicial rulings. A review of the case history reveals no "deep seated favoritism or antagonism that would make fair judgment impossible." Liteky, 510 U.S. at 555. The crux of Dent's motions seeking recusal is his ongoing disagreement with the magistrate judge's and this Court's rulings on his pending motion and in his underlying criminal case. These judicial rulings form the "proper grounds for appeal, not for recusal," Liteky, 510 U.S. at 555. Therefore, Dent's motion for recusal is denied as it fails to establish that "another with knowledge of all of the circumstances" would question the Court's

Case 1:22-cr-00003-TSK-MJA Document 124 Filed 06/28/23 Page 9 of 9 PageID #: 502

USA V. DENT 1:22CR3

**MEMORANDUM OPINION AND ORDER ADOPTING-IN-PART AND REJECTING-IN-PART THE REPORT AND RECOMMENDATION [ECF NO. 16] AND DENYING PRO SE MOTIONS [ECF NOS. 98, 100, 103, 121, 122]**

impartiality. Lentz, 524 F.3d at 530.

### III. Conclusion

For the reasons discussed, the Court:

(1) **ADOPTS-IN-PART** and **REJECTS-IN-PART** the R&R [ECF No. 116];

(2) **SUSTAINS** Dent's objection to the R&R [ECF No. 120];

(3) **DENIES** Dent's emergency motion for a temporary restraining order [ECF No. 98];

(4) **DENIES** Dent's motions for the appointment of a special prosecutor [ECF Nos. 100, 103];

(5) **DENIES** Dent's motion to withdraw [ECF No. 121]; and

(6) **DENIES** Dent's motion for recusal [ECF No. 122].

It is so **ORDERED**.

The Clerk is **DIRECTED** to transmit copies of this Order to counsel of record by electronic means; and to Dent by certified mail, return receipt requested.

DATED: June 28 2023

_Tom S Kleeh_
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA

9